E-FILED
Tuesday, 07 September, 2004  04:22:14 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CINCINNATI INSURANCE COMPANY, an Ohio corporation,<br>Plaintiff, | )<br>)<br>)<br>) |
| vs. | ) No. 03-3166<br>) |
| CREE DEVELOPMENT CORPORATION, INC., a Delaware corporation, HENRY MITCHELL, an individual, RONALD LANCE, an individual, WANDA MITCHELL, an individual, JOYCE LANCE, an individual and MICHAEL D. POWELL, an individual,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' REPLY TO CINCINNATI INSURANCE COMPANY'S
MOTION FOR SUMMARY JUDGMENT AND CROSS MOTION
FOR SUMMARY JUDGMENT**

NOW COME the Defendants, CREE DEVELOPMENT CORPORATION, INC., a Delaware corporation, HENRY MITCHELL, an individual, RONALD LANCE, an individual, WANDA MITCHELL, an individual, JOYCE LANCE, by their attorneys, LONDRIGAN, POTTER & RANDLE, P.C. and replies to Plaintiff, CINCINNATI INSURANCE COMPANY's Motion for Summary Judgment and moves for summary judgment in its favor on the issue of Cincinnati's obligation to provide a defense to the Powell litigation.

**I.    INTRODUCTION**

Summary Judgment should be denied to Cincinnati and granted to Cree because a duty to defend exists for Counts I-XIV of the Complaint as a matter of law.[1]  The principal reason why

---

[1] In this response, "Cree" refers collectively to all Defendants.  When the writer intends to refer specifically to Cree Development Corporation, alone, the term "Cree Development" will be used. The other Defendants will be referred to by name, where applicable.

summary judgment should be denied to Cincinnati and granted to Cree is because the retaliatory discharge counts and the Wage Payment counts of Powell's complaint do not foreclose negligent conduct by the individual director defendants, Ronald Lance, (now deceased) Joyce Lance and Wanda Mitchell. Although Counts VII-IX claim that Cree Development "terminated plaintiff wilfully and wantonly in reckless disregard to plaintiff's rights...," the counts do not characterize the nature of the conduct engaged in by the individual director defendants, Ronald Lance, Joyce Lance and Wanda Mitchell in commission of the alleged retaliatory discharge. Similarly, Counts XII-XIV do not characterize the nature of the conduct that the Lances and Wanda Mitchell may have committed in allegedly violating the Wage Payment Act. 820 ILCS 115 *et seq.* Since their conduct may merely have been negligent, Cincinnati owes them a defense on the counts in which they are named as defendants. Then, since Cincinnati owes a defense on at least some of the counts of the complaint, Cincinnati is obligated under the law to provide a defense as to all counts even though it may have no duty to indemnify as to those counts.

Another reason for denying summary judgment to Cincinnati and granting it to Cree is that the principal case authority on which Cincinnati relies, **Connecticut Indemnity Co. v. Der Travel Service, Inc**, 328 F3d 347 (7th Cir. 2003) is distinguishable from this case. The Illinois Supreme Court has specifically declared that neither the tort of retaliatory discharge nor "wilful and wanton conduct" necessarily rules out negligent conduct.

II.   **RESPONSE TO ALLEGEDLY UNDISPUTED FACTS**

    A.   **UNDISPUTED MATERIAL FACTS.**

    Paragraphs 1-3 , 6-26.

  **B.**  **MATERIAL FACTS CLAIMED TO BE DISPUTED.**

  **Paragraph 4**: Although Counts V-IX are nearly identically worded retaliatory discharge counts, they differ in one significant respect. In Count V, liability is sought against Cree Development president Henry Mitchell. He is alleged to have "terminated plaintiff wilfully and wantonly in reckless disregard to plaintiff's rights...". (¶15) In Count VI, liability is sought against Cree Development, and Cree Development, rather than Henry Mitchell, is alleged to have "terminated plaintiff wilfully and wantonly in reckless disregard to plaintiff's rights". (¶15) On the other hand, in Counts VII-IX, liability is sought respectively against individual directors Ronald Lance, Joyce Lance and Wanda Mitchell. They are not alleged to have had any specific role in the retaliatory discharge. Only Cree Development is alleged to have acted "wilfully and wantonly" in terminating Plaintiff. *See* Counts VII-IX, ¶¶ 14-16.

  **Paragraph 5:** The Wage Payment Counts X- XIV are also not worded identically in each count. As in Counts VII- IX, Counts XII-XIV do not allege that individual directors Ron Lance, Joyce Lance or Wanda Mitchell played any specific role in the alleged violation of the Wage Payment Act.

  **C.**  **FACTS CLAIMED TO BE IMMATERIAL TO THE MOTION.**

  (Although Cree doesn't necessarily agree that all of the facts that Cincinnati has alleged in ¶¶ 1-27 of its motion are necessarily "material", there are none which are so immaterial which require comment.)

  **D.**  **ADDITIONAL MATERIAL FACTS CLAIMED TO DEFEAT THE MOTION FOR SUMMARY JUDGMENT**.

  None.

**III.**  <u>**ADDITIONAL APPLICABLE LAW**</u>

### A.   ILLINOIS LAW CONTROLS.

This is a diversity case bound by the rule of *Erie RR. v. Tompkins*, 304 U.S. 64 (1938). This means that a federal court must apply state law as the rule of decision. Since the policy was issued in Illinois, Illinois law applies. *Cincinnati Insurance Co. v. Dawes Rigging & Crane Rental,* 321 F.Supp.2d 975 (C.D. Ill. 2004). In applying state decisional law, the federal court must apply decisions made by the Illinois Supreme Court. *General Accident Ins. Co. v. Gonzales*, 86 F.3d 673 (7th Cir. 1996). If the Illinois Supreme Court has not ruled on the matter, the federal court must predict what the Illinois Supreme Court would do. *General Accident* at 675. In this determination, state appellate court decisions may be persuasive, but are not binding. *General Accident*.

### B.   ILLINOIS SUBSTANTIVE LAW.

In Illinois, there is no claim for retaliatory discharge for violation of the Wage Payment Act. *McGrath v. CCC Information Services, Inc.*, 314 Ill.App.3d 431 (1st Dist. 2000). Violation of the Wage Payment Act does not call into play a clearly mandated public policy. *McGrath* at 440. Even where Illinois recognizes a claim for retaliatory discharge, *i.e.,* for termination after filing a claim for workers compensation, the Illinois Supreme Court disagreed with the Seventh Circuit and held that the tort does not necessarily imply malice.

> We disagree with *Beltmann*'s conclusion that, under Illinois law, once a plaintiff proves that his discharge was in retaliation for exercising a protected right, he had *de facto* proved actual malice. ***the requirement that the discharge be in retaliation for plaintiff's activities merely requires that plaintiff allege the causal relationship between the employee's activities and the discharge. (*Hinthorn*, 119 Ill.2d at 532, 116 Ill.Dec. 694, 519 N.E.2d 909.) Showing such causal relationship does not require showing the discharge was committed with actual malice. Therefore, we find actual malice is not an element of a retaliatory discharge claim.

>   *Dixon Distributing Co. v. Hanover Insurance Co.*, 161 Ill.2d 433,
>   443-44 (1994).

*Dixon* upheld the insurer's obligation to defend a retaliatory discharge claim even where the amended complaint alleged the retaliation was intentional.

In Illinois, outside directors may be liable for the debts of a corporation where their oversight of the corporation's activities was "a result of a lack of due care, such as inattentiveness or the failure to make informed decisions." *Stamp v. Touche Ross and Co.* 263 Ill.App.3d 1010, 1018 (1st Dist. 1993). Once those allegations are made, the business judgment rule does not apply and the outside directors may be personally liable for negligent errors in the management of the corporation. *Stamp* at 1018. Likewise, directors of a corporation may be personally liable if they participated in the tort. Even if their conduct was merely negligent, they may bear personal responsibility for the tort. *People ex. Rel. Madigan v. Tang* 346 Ill.App.3d 277 (1st Dist. 2004).

### C. INSURANCE POLICY INTERPRETATION.

Under Illinois law, an insurer has a duty to defend against any complaint that leaves open the possibility of coverage. *Illinois Emcasco Insurance Co. v. Northwestern Mutual National Casualty Co.*, 337 Ill.App.3d 356, 358 (1st Dist. 2003). An insurer must defend case where facts alleged in the complaint bring the case within or potentially within the policy's coverage. *Dixon Distributing Co. v. Hanover Insurance Co.*, 161 Ill.2d 433, 443-44 (1994); *Connecticut Indemnity Co. v. Der Travel Service, Inc*, 328 F3d 347 (7th Cir. 2003). The court must resolve all doubts concerning the scope of coverage in favor of the insured. *Illinois Emcasco,* at 714. Even if only one count comes potentially within the insurance coverage, an insurer must provide a defense as to all counts. *National Union Fire Ins. Co. of Pittsburgh, Pa., v. Glenview*, 158 Ill.2d 116, 125 (1994). The duty to defend is far broader than the duty to indemnify. *Outboard Marine Corp. v.*

*Liberty Mutual*, 154 Ill.2d 90, 125 (1992).

Any ambiguities within an insurance contract must be construed in favor of the insured. *United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.* 144 Ill.2d 64 (1991). A term is ambiguous if it is susceptible to more than one reasonable interpretation. *Cincinnati Ins. Co. v. Dawes Rigging & Crane Rental*, 321 F.Supp.2d 980 (IL CD 2004). The underlying complaint must also be construed liberally in favor of the insured. *Cincinnati*, at 980. Thus a claim for wrongful termination was held to constitute "an eviction" because the complaint alleged that the plaintiff was "evicted" from his office. *International Insurance Co. v. Rollprint Packaging Products, Inc.*, 312 Ill.App.3d 998 (1st Dist. 2000). Even if one insured is guilty of intentional conduct, if the other insured is not, a duty to indemnify exists. *Wasik v. Allstate Insurance Co.* __ Ill.App.3d __, 2004 WL 1739251 (2d Dist. 2004) (holding that even though insured stepson started the fire, father-in-law entitled to recover indemnity; ambiguity in the policy construed against insurer).

IV.   <u>ARGUMENT</u>

    A.   **COVERAGE EXISTS UNDER THE EMPLOYEE BENEFIT LIABILITY COVERAGE PART.**

        1.   **Coverage exists for the director liability counts, i.e. Counts VII-IX, and Counts XII-XIV.**

In these counts, recovery is sought against Ronald Lance, Joyce Lance and Wanda Mitchell for retaliatory discharge arising out of a claim for vacation pay (Counts VII-IX), and violation of the Wage Payment Act, 820 ILCS 115/1 *et seq*. (Counts XII-XIV). The Lances and Wanda Mitchell are sued because they are alleged to be either shareholders and/or directors of Cree Development. *See eg.*, Count VII, ¶2, Count VIII ¶2, and Count XIII ¶2. The counts do not allege that the Lances and Wanda Mitchell did anything wrong. In fact, the only allegations of wrongdoing relate to

Defendants, Cree Development & Henry Mitchell, *See eg.* Count VIII ¶¶ 14, 15; Count XIII ¶¶ 15, 17, 18. Cincinnati acknowledges that the Lances and Wanda Mitchell are insureds under the policy with respect to their duties as directors. *See* ¶22 of Cincinnati's undisputed facts. Under Illinois law, directors must exercise "due care in their management of the corporation." ***Stamp v. Touche Ross***, at 1016. If they do not exercise due care, (i.e., are guilty of inattentiveness or the failure to make "informed decisions") the business judgment rule is inapplicable, and they may be liable for mismanagement of the corporation. ***Stamp*** at p. 1018. Also, directors may be liable for their own bad faith, fraud, illegality or overreaching. ***Stamp*** at 1016. However, Powell's complaint does not assert which of these theories of liability it is asserting against the Lances and Wanda Mitchell. The complaint could conceivably allow assertion of either theory. But, under Illinois law, deficiencies in the pleading are NOT reasons to deny a right to a defense.

> "[T]he duty to defend does not require that the complaint allege or use language affirmatively bringing the claims within the scope of the policy. The question of coverage should not hinge on the draftsmanship skills or whims of the plaintiff in the underlying action." (citation omitted) The insurer's duty to defend does not depend upon a sufficient suggestion of liability raised in the complaint; instead, the insurer has the duty to defend unless the allegations of the underlying complaint demonstrate that the plaintiff in the underlying suit will not be able to prove the insured liable, under any theory supported by the complaint, without also proving facts that show the loss falls outside the coverage of the insurance policy.
>
> ***Illinois Emcasco Ins. Co. v. Northwestern Nat'l Casualty Co.***, 337 Ill.App.3d 356, 361 ((1st Dist. 2003).

Even the 7th Circuit acknowledges that where a pleading is nonspecific, the possibility of a potentially covered claim exists, and the insurer must provide a defense.

> While is it true that an insurance company's obligation to defend depends upon the underlying complaint against its insured, this

> obligation, as noted previously, is present whenever there appears to be a potential for coverage under the policy. *Colton v. Swain*, 527 F.2d 296, 302 (7th Cir. 1975)(applying Illinois law); *Maryland Casualty Co. v. Peppers*, 64 Ill.2d 187, 355 N.E.2d 24 (1976); *Weed v. Ohio Farmer's Insurance Co.*, 53 Ill. App.3d 826, 11 Ill.Dec. 564, 368 N.E.2d 1310 (1977). Where under the allegations of the pleadings against the insured, "an insured's liability exists on one theory as well as another and one of them brings the liability within coverage, we think the insured may avail himself of the insurance protection." *United States Steel Corporation v. Hartford Accident & Indemnity Co.*, 511 F.2d 96, 99 (7th Cir. 1975)(emphasis supplied)(applying Illinois law). Especially since the advent of notice pleading, in a case where there is doubt as to whether a theory of recovery within the policy coverage has been pleaded in the underlying complaint, the insurer must defend, and its defense obligations will continue until such time as the claim against the insured is confined to a recovery that the policy does not cover.
>
> *Solo Cup Comp. v. Federal Insurance Co.*, 619 F.2d 1178, 1185 (7th Cir. 1980).

***Solo Cup Co. v. Federal Ins. Co.,*** 619 F.2d 1178 (7th Cir. 1980) discussed in ***Connecticut Indemnity Co. v. Der Travel Service, Inc.*** 328 F.3d 347,351 n.1 (7th Cir.2003). Here, because liability could conceivably be alleged against the Lances and Wanda Mitchell on grounds of either negligence or illegality, Cincinnati owes them a defense. ***Illinois Emasco, Solo Cup***. And once Cincinnati owes a defense on some counts of a complaint, then Cincinnati is obligated to provide a defense as to all counts. ***National Union Fire Ins. v. Glenview***, 158 Ill.2d 116, 125 (1994)***, Solo Cup***.

In its brief at pages 12-3, Cincinnati implicitly acknowledges that Powell's claims for retaliatory discharge and failure to pay vacation pay and bonuses come within the potential coverages of the insured's "'administration' of the insured's 'Employee Benefit Programs'". Its only argument for noncoverage is its contention that the Powell complaint does not allege **negligent** conduct on the part of the Cree Defendants. (Cincinnati Br. pp. 12-19) However, it fails to notice

8

that the Powell complaint does not allege that the Lances and Wanda Mitchell engaged in any wilful and wanton and intentional conduct.  Without such allegations, their conduct in overseeing Cree Development's corporate affairs and in delegating authority to Defendant, Henry Mitchell, might merely have been negligent rather than wilful and wanton.  Thus, even under Cincinnati's own "negligence" formulation, Cincinnati owes the Lances and Wanda Mitchell a defense. Once it owes them a defense, Cincinnati must defend as to all counts. *National Union Fire Ins. v. Glenview*, 158 Ill.2d 116, 125 (1994).

> 2. **A Defense is required as to all of the Retaliatory Discharge and Wage Payment Counts.**
>
>> i) *Connecticut Indemnity Company V. Der Travel Service, Inc.*, **328 F.2d 347 (7th Cir. 2003) Is Distinguishable.**

Cincinnati relies on *Connecticut Indemnity Company v. Der Travel Service, Inc*., 328 F.2d 347 (7th Cir. 2003) to argue that there is no coverage for the retaliatory discharge and wage payment counts.  However, *Connecticut* is distinguishable from this case.  Unlike the fraudulent acts alleged in *Connecticut,* it is not wrongful to discharge someone in retaliation for claims made pursuant to the Wage Payment Act.  *McGrath v. CCC Information Services*, 314 Ill.App.3d 431 (1st Dist. 2000)  Also, unlike *Connecticut,* Henry Mitchell and Cree Development are only alleged to have acted "wilfully and wantonly in reckless disregard of Plaintiff's rights.  (Powell Complaint,  eg. Count VI, ¶15)  This description is consistent with negligence under Illinois law.

> However, unlike intentional tortious behavior, conduct characterized as willful and wanton may be proven where the acts have been less than intentional--*i.e.*, where there has been "a failure, after knowledge of impending danger, to exercise ordinary care to prevent" the danger, or a "failure to discover the danger through *** carelessness when it could have been discovered by the exercise of ordinary care." (*Schneiderman*, 394 Ill. at 583, 69 N.E.2d 293.) There is no separate and independent tort of "willful and wanton"

9

> misconduct.
>
> ***Ziarko v. Soo Line Railroad***, 161 Ill.2d 267, 274 (1994)(emphasis added).

Moreover, ***Dixon Distributing Co. v. Hanover Ins. Co.***, 161 Ill.2d 433 (1994) specifically notes that a claim for "intentional" retaliatory discharge does not necessarily connote malice. *See also*, ***TIG Insurance Co. v. Joe Rizza Lincoln-Mercury Inc.***, 2002 WL 406982 (ND Ill. 2002):

> By alleging that Rizza recklessly disregarded the truth, the plaintiffs in the underlying lawsuits arguably alleged negligent misrepresentation. Thus, the claims were potentially covered under the negligent act, error, or omission language and TIG had a duty to defend the underlying lawsuits.
>
> ***TIG Insurance Co. v. Joe Rizza Lincoln-Mercury Inc.***, 2002 WL 406982, p. 10 (ND Ill. 2002)

Thus, unlike the claims at issue in ***Connecticut,*** Powell's claims can comprehend negligent conduct under Illinois law. And under Illinois law, the complaint must be interpreted liberally in favor of providing coverage to the insured. ***Connecticut*** at 328 F.2d 351.

### ii) Cincinnati's Employee Benefits Coverage is not Limited to Coverage for Negligence.

Finally, Cincinnati is not correct in its analysis that its policy covers only **negligent** acts. In the preceding sections of this brief, Cree accepted, for the sake of argument, the validity of Cincinnati's negligence defense. However, Cree does not believe that this argument holds water. Cincinnati contends that the Employee Benefit Liability endorsement provides coverage only for "**negligent** acts, errors or omissions." (Cincinnati Br. p. 13) It assumes that the word "negligent" modifies not only the word "acts" but also the words "errors" and "omissions" as well. However, there is no Illinois case that has so decided.

10

> Courts applying Illinois law have assumed, without deciding, that "negligent" modifies act, error, and omission and thus excluded coverage for intentional conduct. *See, United Fire and Cas.Co. v. Jim Maloff Realty*, 435 N.E.2d 496, 498 (Ill.App. 1982).
>
> ***TIG Insurance Co. Joe Rizza Lincoln-Mercury, Inc.***, 2002 WL 406982, p. 10 (ND Ill. 2002).

Although the 7th Circuit in ***Connecticut Indemnity Company v. der Travel Service***, 328 F.3d 347 (7th Cir. 2003) also assumes that the word "negligent" modifies "errors" and "omissions" as well as "acts", it fails to predict what the Illinois Supreme Court would do if faced with the question. In other jurisdictions, the word "negligent" has been held to modify only the word "acts".

> We agree with the trial court that the word "negligent" modifies only the word "act" and does not modify the word "error" or the word "omission". Thus any claim of coverage must be derived from the independent words "error" or "omission."
>
> ***Employers Reinsurance Corp. v. Mutual Medical Plans, Inc.***, 504 N.W.2d 885, 888 (Iowa 1993)

Where ambiguities exist, the Illinois Supreme Court construes them in favor of the insured. It has not been reluctant to ignore 7th Circuit case law . *See eg.* ***Dixon v. Hanover Insurance Co.***, 161 Ill.2d 433 (1994), disagreeing with ***United States Fire Insurance Co. v .Beltmann North American Co.***, 883 F.2d 564 (7th Cir. 1989); ***Haddick v. Valor Insurance Co.***, 198 Ill.2d 409 (2001), essentially overruling ***Meixell v. Superior Insurance***, 230 F.3d 335 (7th Cir. 2000).

In this case, there was an "error" in the administration of vacation benefits because Powell contends that in Cree Development's vacation benefits, policy, his vacation days accrued from year to year going back to 1991, and Cree Development disagreed. *See* Powell Complaint, eg. Count XI, ¶¶8, 11. The exclusions in Cincinnati's policy also lend weight to the argument that "negligent" modifies only "acts" and not "errors." If Cincinnati had intended for its coverage to apply only to

11

negligent errors and negligent omissions, then there would be no need for it to have an exclusion exempting "acts, errors or omissions of any insured that are <u>dishonest</u>, <u>fraudulent</u>, <u>criminal</u> or <u>malicious</u>" because by definition, negligence does not include dishonesty, fraud, criminal or malicious conduct. (Pl. Ex. F, p. 1 ¶c) It is well settled that insurance policies are read as a whole and a court must give each term in the policy meaning unless to do so would render the clause or policy inconsistent or inherently contradictory. ***State Farm Fire & Casualty v. Martin***, 186 Ill.2d 367, 238 Ill.Dec. 126 (1999). Here, if "negligent" modified "errors" and "omissions" as well as "acts", then the entire exclusion for dishonesty and fraud would be mere surplusage. Also, if there are two inconsistent or conflicting clauses, the clause which affords the greater insurance will govern. ***Sentry Ins. v. Hogan***, 111 Ill.App.3d 638, 67 Ill.Dec. 525 (1st Dist. 1982).

**B.    CREE IS ENTITLED TO CROSS RELIEF FOR SUMMARY JUDGMENT AS TO THE RIGHT TO A DEFENSE.**

Cree agrees with Cincinnati that the issues in this Declaratory Judgment Action are solely legal issues. There are no disputed questions of material fact. (*See* Section II of this brief.) The construction of an insurance policy is solely an issue of law. ***Travelers Ins. Co. v. Eljer Mfg. Inc.***, 197 Ill.2d 278 (2001). Because there are no disputed facts, denial of Cincinnati's motion for a declaratory judgment necessarily means that Cree is entitled to a defense of the Powell complaint. ***Jones v. Union Pacific RR***, 302 F.3d 735 (7th Cir. 2002) (when there are no issues of material fact in dispute, a district judge may grant summary judgment in favor of a non-moving party or may grant summary judgment even though no party has moved for summary judgment. *See also* ***Santaella v. Metropolitan Life Ins. Co.***, 123 F.3d 456 (7th Cir. 1997). It is premature at this point to decide the question of whether Cincinnati owes any indemnity to Cree for any liability that may arise out of the Powell complaint. ***Lyons v. State Farm Fire & Cas.***, 349 Ill.App.3d 404 (5th Dist.

2004). Now that the 5th District Illinois Appellate court has issued its mandate transferring the Powell case to Williamson County from St. Clair County, Case No. 05-03-0483, Cree is hopeful that the question of indemnity may never arise.

## **CONCLUSION**

Because Powell's complaint potentially involves claims covered by the Cincinnati insurance policies at issue, Cree respectfully requests that:

1.  Cincinnati's motion for summary judgment on its declaratory judgment complaint be denied to the extent that it seeks an order declaring that it has no duty to provide the Cree Defendants with a defense in the Powell litigation.

2.  Cincinnati's request for a declaration that it has no duty to indemnify any of the Cree defendants be denied as premature.

3.  Cree be granted cross relief for summary judgment declaring that Cincinnati owes it a defense in the Powell litigation.

**CREE DEVELOPMENT CORPORATION, INC., a Delaware corporation, HENRY MITCHELL, an individual, RONALD LANCE, an individual, WANDA MITCHELL, an individual, JOYCE LANCE, an individual and MICHAEL D. POWELL, an individual, Defendants,**

**By:**   s/ Alexandra de Saint Phalle
**ALEXANDRA de SAINT PHALLE, 0620815**
**Attorney for Defendants**
**LONDRIGAN, POTTER & RANDLE, P.C.**
**1227 South Seventh Street**
**Post Office Box 399**
**Springfield, IL 62703**
**Telephone: (217) 544-9823**
**alex@lprpc.com**

## CERTIFICATE OF SERVICE

  I hereby certify that on September 7, 2004, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following: _____ and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Hope G. Nightingale
Daniel G. Litchfield
Daniel P. Johnston
LITCHFIELD CAVO
303 West Madison Street, Su. 200
Chicago, IL 60606

                **By:   s/ Alexandra de Saint Phalle**
                **ALEXANDRA de SAINT PHALLE, 0620815**
                **Attorney for Defendants**
                **LONDRIGAN, POTTER & RANDLE, P.C.**
                **1227 South Seventh Street**
                **Post Office Box 399**
                **Springfield, IL 62703**
                **Telephone: (217) 544-9823**
                **alex@lprpc.com**