IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CINCINNATI INSURANCE COMPANY, ) | |
| an Ohio corporation, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 03-3166 |
| ) | |
| CREE DEVELOPMENT CORPORATION, ) | |
| INC., a Delaware corporation, HENRY ) | |
| MITCHELL, an individual, RONALD LANCE, ) | |
| an individual, WANDA MITCHELL, ) | |
| an individual, JOYCE LANCE, an individual and ) | |
| MICHAEL D. POWELL, an individual, ) | |
|     Defendants. ) | |

**DEFENDANTS' COMBINED SURREPLY MEMORANDUM
IN OPPOSITION TO CINCINNATI'S MOTION FOR SUMMARY
JUDGMENT AND REPLY TO CINCINNATI'S
OPPOSITION TO CREE'S MOTION FOR SUMMARY JUDGMENT**

NOW COME the Defendants, CREE DEVELOPMENT CORPORATION, INC., a Delaware corporation, HENRY MITCHELL, an individual, RONALD LANCE, an individual (deceased), WANDA MITCHELL, an individual, JOYCE LANCE, (hereinafter "Cree") by their attorneys, LONDRIGAN, POTTER & RANDLE, P.C. and submits the following Combined Surreply Memorandum in Opposition to Cincinnati's Motion for Summary Judgment and Reply to Cincinnati's Opposition to Cree's Cross Motion for Summary Judgment.

**I.     THE "ARCANE" LEGAL DOCTRINE OF "MEND THE HOLD" IS NOT APPLICABLE.**

By resorting to the "arcane" legal theory of "mend the hold" to insulate itself from

1

having to provide a defense to Cree, Cincinnati is grasping at straws. A brief look at the three cases upon which Cincinnati relies shows that this doctrine is plainly not applicable to Cree. The doctrine of "mend the hold" is defined definitively in ***Smith v. Union Automobile Indemnity Co.***, 323 Ill.App.3d 741 (2nd Dist. 2001):

> The doctrine's name, which is derived from a nineteenth-century wrestling term (*Harbor Insurance Co. v. Continental Bank Corp.*, 922 F.2d 357, 362 (7th Cir. 1990)), prohibits a party who has repudiated a contract on one ground from changing his ground after litigation has begun and thus "'mend[ing] his hold.'" *Larson v. Johnson*, 1 Ill.App.2d 36, 39-40, 116 N.E.2d 187 (1953), quoting *Ohio & Mississippi Rv. Co. v. McCarthy*, 96 U.S. 258, 267-68, 24 L.Ed. 693, 696 (1877).
>
> ***Smith v. Union Automobile Indemnity Co.***, 323 Ill.App.3d 741, 745 (2nd Dist. 2001).

The doctrine comes up in situations "in which the offending party changed the initial reason for not performing a contract to a completely different reason during litigation." ***Smith*** at Ill.App.3d 746. And,

> In the insurance context, courts have precluded insurers from denying a claim on one basis and then changing the basis for denial during litigation.
>
> ***Smith v. Union Automobile Indemnity Co.***, 323 Ill.App.3d 741, 746 (2nd Dist. 2001)

Looking at these definitions it is immediately obvious that the doctrine is not applicable to Cree because it is CINCINNATI, not Cree, who has repudiated its insurance contract. It is Cincinnati, not Cree, that is refusing to offer a defense to Cree in the Powell lawsuit.

There are other reasons as well why the "mend the hold" doctrine is not applicable. First, **Smith** notes that the doctrine will not be applied unless the defendant can show that the change of position occurred during litigation. **Smith** at Ill.App.3d 746. Here, Cree had no obligation to set forth all its reasons why Cincinnati should offer it a defense in a letter prior to suit. See **Private Bank & Trust Co. v. Progressive Casualty Ins. Co.**, 2004 WL 1144048 (ND IL 2004) ("at most the doctrine appears to bar a contracting party from changing his reasons for non-performance during litigation rather than before litigation." p. 6) In addition, answers to "contention" interrogatories do not limit proof at trial. See, **Pressley v. Boehlke**, 33 F.R.D. 316 (WD NC 1963) and Comments to 1970 Amendments to Rule 33, F.R.C.P.

The mend the hold doctrine is also not applicable because it applies only to a situation where the contracting party, *i.e.*, the insurer, has completely changed its reason for denial of coverage. (**Smith** at Ill.App.3d 746.) Or, as the Seventh Circuit notes, the position taken before is the diametric opposite of the position taken at present. **Harbor Ins. v. Continental Bank Corp.**, 922 F.2d 357, 363-4 (1990). And see, **Governmental Interinsurance Exchange v. City of Angelo, Indiana**, 8 F.Supp.2d 1120 (ND Ind. 1998) (mend the hold doctrine does not apply where insurer merely adopts additional defenses to the policy). Here, Cree's assertions that Cree owes a defense to Joyce Lance and Wanda Mitchell, irrespective of its obligations to Cree Development Corporation and Henry Mitchell, are at most, additional reasons why Cincinnati owes a defense and are

not diametrically opposed to the preceding position taken by Cree in its letters to Cincinnati prior to the litigation.

## II. IF CINCINNATI OWES A DEFENSE AS TO JOYCE LANCE AND WANDA MITCHELL, IT OWES A DEFENSE TO ALL DEFENDANTS.

In a footnote, (n.3, p. 6) Cincinnati suggests that Cree cannot "piggy back" coverage from one insured to another. Cincinnati is incorrect. ***Bedoya v. Illinois Founders Ins. Co.***, 293 Ill.App.3d 668 (1st Dist. 1992) clearly holds that an insurer is required to offer a defense as to several different defendants on different theories of liability. ***Bedoya*** held that an apportionment of defense fees would be required as to another defendant, but only if that defendant was found not to be an insured under the policy. Here, there is no dispute that Joyce Lance and Wanda Mitchell are insureds under the policy.

The Seventh Circuit also notes that a very generous reading of the complaint must be given to ascertain whether any of the claims <u>potentially</u> fall within the coverage of the policy. ***Roman Catholic Diocese of Spfld. v. Maryland Casualty Co.***, 139 F.3d 561 (7th Cir. 1998).

> If the complaint against the insured alleges facts that fall or potentially fall within the coverage of the policy, then the insurance company is bound to supply a defense.
>
> ***
>
> Moreover, the possibility that not all of the injuries complained of in the complaint may be covered does not obviate the duty to defend; so long as at least some injuries potentially fall within the scope of the policy, the insurer

> must defend the insured.
>
> * * *
>
> Reading the complaint generously, it is easy to imagine that the parents of the abused children were in fact injured long before 1993, and within the period of Maryland's coverage, but that the parents simply remained in the dark as to the source of their injuries until then.
>
> *Roman Catholic Diocese of Spfld. v. Maryland Casualty Co.*, 139 F.3d 561,565, 567 (7th Cir. 1998)

### III. GIVEN THE VAGUENESS OF THE COMPLAINT, THE ALLEGED LIABILITY OF JOYCE LANCE AND WANDA MITCHELL IS POTENTIALLY COVERED.

Under Illinois law, an insurer may only refuse to defend if the allegations of the complaint preclude any possibility of coverage. *Illinois Emcasco Ins. Co. v. Northwestern*, 337 Ill.App.3d 356, 361 (1st Dist. 2003). Cincinnati argues that *Stamp v. Touche Ross*, 263 Ill.App.3d 1010 (1st Dist. 1995) only applies to intra-corporate disputes. However, *Stamp* was an action brought by the Department of Insurance, and therefore, was most likely brought on behalf of third party creditors. In any event, Illinois law clearly permits a director to bear tort liability to a third party if he or she participated in or had personal involvement in the acts resulting in liability. *People ex rel. Madigan v. Tang*, 346 Ill.App.3d 279 (1st Dist. 2004). And see, *Fure v. Sherman Hospital*, 55 Ill.App.3d 572 (1st Dist. 1972) cited by Cincinnati.

Although the Powell complaint does not allege specifically what participation Joyce Lance or Wanda Mitchell had in commission of the wrong to warrant being sued,

5

Cincinnati is incorrect in its assertions (at p. 9 of its brief) that the complaint alleges that Joyce Lance and Wanda Mitchell were guilty of wilful and wanton conduct in the *ad damum* clauses. In fact, the "Wherefore" clauses in Counts VIII, IX, XIII and XIV of the complaint only ask for punitive damages against Joyce Lance and Wanda Mitchell for "<u>its</u> willful, wanton and knowing conduct". Joyce Lance and Wanda Mitchell are females. Reading the complaint liberally in favor of coverage as is required by applicable law, the "its" must refer to Cree Development Corporation, Inc. rather than to Joyce Lance and Wanda Mitchell. Thus, all we know is that Joyce Lance and Wanda Mitchell must have been alleged to have done something to have participated in the tort to warrant being sued, but whatever conduct it was, it was conduct which is short of willful and wanton conduct.

Cincinnati argues that it would be improper to redraft the complaint to supply allegations that were not made by the Plaintiff, relying on *Connecticut Indemnity Co. v. Der Travel Service*, 328 F.3d 347 (7th Cir. 2003). However, in *Connecticut Indemnity*, the complaint was very specific that only uncovered activity was involved. But here, the complaint is very general so it still has the potential for alleging that Joyce Lance and Wanda Mitchell were negligently involved in violating the Wage Payment Act or participation in the retaliatory discharge. For example, the complaint leaves open the possibility that Powell is claiming that Joyce Lance or Wanda Mitchell were negligently involved in computing the proper number of vacation days that Michael Powell was

entitled to and that this led to Henry Mitchell's refusal to pay the benefits and/or decision to fire Michael Powell. These "facts" could potentially come within the coverage of the complaint. *See, Solo Cup Comp. v. Federal Insurance Co.*, 619 F.2d 1178, 1185 (7th Cir. 1980) and *Fremont Compensation Ins. Co. v. Ace-Chicago Great Dane Corp.*, 304 Ill.App.3d 734 (1st Dist. 1999). Even if Powell's counts against Joyce Lance and Wanda Mitchell are totally groundless, Cincinnati still owes a duty to defend. *U.S. Fidelity an Guaranty v. Wilken Insulation Co.*, 144 Ill.2d 64, 73 (1978) and *see*, *Kulfalk v. Hart*, 636 F.Supp. 309 (ND. IL. 1986) (while highly questionable whether any of these injuries will ultimately provide a basis for recovery, a defense is still owed). Although Cincinnati may be frustrated at the lack of specificity of Powell's pleadings, the pleading requirements of a complaint alleging potential coverage are minimal. *Fremont* at 304 Ill.App.3d 739, *supra*. It is not Cree's fault if Powell's pleadings are not models of specificity. *Travelers Ins. v. Penda Corp.*, 924 F.2d 823 (7th Cir. 1992).

IV. **MALICE AS DEFINED BY ILLINOIS LAW IS NOT ALLEGED IN THE COMPLAINT.**

Cincinnati argues that Henry Mitchell's conduct was "malicious" and therefore fits within an exclusion to the policy. However, in order to meet the definition of "malice" one has to have, at a minimum, "wrongful" conduct. *Gorda v. Oak Park School District*, 24 Ill.App.3d 131, 135 (1st Dist. 1974). Here, as mentioned in Cree's original response, a discharge in retaliation for seeking rights under the Wage Payment Act is not wrongful. *McGrath v. CCC Information Services, Inc.*, 314 Ill.App.3d 431 (1st Dist.

2000). Therefore, it cannot be "malicious" as a matter of law.

## CONCLUSION

Cincinnati has failed to show that no counts of Powell's complaint could potentially fall within the coverage of its policy. Cree therefore respectfully requests that summary judgment be denied to Cincinnati and awarded to Cree as to the issue of coverage.

                                    **CREE DEVELOPMENT CORPORATION, INC., a Delaware corporation, HENRY MITCHELL, an individual, RONALD LANCE, an individual, WANDA MITCHELL, an individual, JOYCE LANCE, an individual and MICHAEL D. POWELL, an individual, Defendants,**

                                    By:      s/ Alexandra de Saint Phalle
                                    **ALEXANDRA de SAINT PHALLE, 0620815
Attorney for Defendants
LONDRIGAN, POTTER & RANDLE, P.C.
1227 South Seventh Street
Post Office Box 399
Springfield, IL 62703
Telephone: (217) 544-9823
alex@lprpc.com**

**CERTIFICATE OF SERVICE**

  I hereby certify that on September 24, 2004, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following:

Hope G. Nightingale  nightingale@litchfieldcavo.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

None

          **By:   s/ Alexandra de Saint Phalle**
          **ALEXANDRA de SAINT PHALLE, 0620815**
          **Attorney for Defendants**
          **LONDRIGAN, POTTER & RANDLE, P.C.**
          **1227 South Seventh Street**
          **Post Office Box 399**
          **Springfield, IL 62703**
          **Telephone: (217) 544-9823**
          **alex@lprpc.com**