IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CINCINNATI INSURANCE COMPANY, an Ohio corporation, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 03-CV-3166 |
| CREE DEVELOPMENT CORPORATION, INC., a Delaware corporation, HENRY MITCHELL, et al. | ) ) ) ) ) | Judge Jeanne Scott |

**CINCINNATI'S MOTION FOR LEAVE TO FILE SUR-REPLY TO CREE DEFENDANTS' PURPORTED MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Cincinnati Insurance Company ("Cincinnati"), by its attorneys, and pursuant to Central District of Illinois Local Rule 7.1(D)(4) requests leave to file the accompanying opposition brief to the Cree Defendants' motion to file a reply or in the alternative leave to file the accompanying brief as Sur-Reply to the Cree Defendants' purported Motion for Summary Judgment.

The Cree Defendants' reply brief brings up new matters which Cincinnati has not yet had an opportunity to respond to. Allowance of the brief is warranted because the possible unavailability of oral argument on the motion for summary judgment may prevent Cincinnati from having any opportunity to respond to the Cree Defendants' new arguments. Further, the Cree Defendants would suffer no prejudice in this matter because Cincinnati has limited its three page brief strictly to a response to matters newly raised by the Cree Defendants.

Wherefore, Cincinnati Insurance Company respectfully request the court to permit it to file and consider the accompanying opposition brief to the Cree

Defendants' motion to file a reply or in the alternative consider the accompanying brief as Sur-Reply to the Cree Defendants' purported Motion for Summary Judgment. If the court denies this motion, Cincinnati respectfully requests this matter be set for oral argument pursuant to Local Rule 7.1(D)(4).

>CINCINNATI INSURANCE COMPANY
>By:    s/Hope G. Nightingale
>Hope G. Nightingale (06184864)
>Daniel P. Johnston (6243197)
>Attorneys for The Cincinnati Insurance Company
>303 West Madison Street, Suite 300
>Chicago, Illinois 60606
>Phone:    (312) 781-6614 (Nightingale)
>Phone:    (312) 781-6604 (Johnston)
>Fax:      (312) 781-6630
>email: nightingale@litchfieldcavo.com
>email: johnston@litchfieldcavo.com

## CERTIFICATE OF SERVICE

I certify that on September 28, 2004, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following:

Alexandra de Saint Phalle          alex@lprpc.com

And I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

None

>CINCINNATI INSURANCE COMPANY
>By:    s/Hope G. Nightingale
>Hope G. Nightingale (06184864)
>Daniel P. Johnston (6243197)
>Attorneys for The Cincinnati Insurance Company
>303 West Madison Street, Suite 300
>Chicago, Illinois 60606
>Phone:    (312) 781-6614 (Nightingale)
>Fax:      (312) 781-6630
>email: nightingale@litchfieldcavo.com
>email: johnston@litchfieldcavo.com

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CINCINNATI INSURANCE COMPANY, an Ohio corporation,<br><br>Plaintiff,<br><br>v.<br><br>CREE DEVELOPMENT CORPORATION, INC., a Delaware corporation, HENRY MITCHELL, an individual, WANDA MITCHELL, an Individual, RONALD D. LANCE, an individual, JOYCE LANCE, an individual and MICHAEL D. POWELL, an individual,<br><br>Defendants. | Case No. 03-CV-3166<br><br>Judge Jeanne Scott |

**CINCINNATI INSURANCE COMPANY'S OPPOSITION TO THE CREE DEFENDANTS' MOTION TO FILE A REPLY OR SUR-REPLY**

Plaintiff, Cincinnati Insurance Company ("Cincinnati"), by its attorneys, submits the following in response to the Cree Defendant's motion to file a reply in support of its purported "cross-motion" for summary judgment

I. **The Cree Defendants should not be allowed to file a Reply to Their purported "Cross-Motion" for Summary Judgment.**

Contrary to their assertion, the Cree Defendants did *not* file a Motion for Summary Judgment. They simply called their Response a "cross-motion." As this purported "cross-motion" was not filed within the Court's deadline for filing dispositive motions, the Cree Defendants should not be allowed to file their sur-reply. In the alternative, if the Cree Defendants' "cross-motion" is allowed, Cincinnati seeks leave to file this brief as a sur-reply to Cree's purported "cross-

motion." This sur-reply corrects the record and addresses new issues presented in the Cree Defendants' latest brief.

## II.   Correction of the Record

Cincinnati notes two errors in the record – one by Cincinnati, one by Cree – that should be corrected. Both parties' briefs discuss the language of the *ad damnum* clause of the Retaliatory Discharge and Wage Act Counts against Ronald Lance, Joyce Lance and Wanda Mitchell. Each of those Counts ask the Court to award compensatory and punitive damages to punish the defendants for their willful, wanton and knowing conduct. The Retaliatory Discharge Counts' *ad damnum* (Counts VII–IX) against these specific defendants seek damages for "his" willful, wanton, and knowing conduct. The Wage Act counts (XII-XIV) seek damages for "its" wilful, wanton and knowing conduct.

## III.   Mend the Hold/Contention Interrogatories

Cincinnati asked the Cree Defendants during litigation through formal discovery to articulate its theories of coverage. Cree did so. The Cree Defendants assert in their "sur-reply" that they had no obligation to respond fully or honestly to Cincinnati's discovery. This is an astounding proposition. Contention interrogatories are intended and allowed to be used to narrow a party's litigation position. They are not only permissible but appropriate to "smoke out" the position of the other party. *Shah v. Inter-Continental Hotel*, 314 F.3d 278, 282 (7th Cir. 2002); *Fridkin v. Minnesota Mutual Life Ins. Co.*, 1998 U.S.Dist. LEXIS 1017, *10, 12-13 (N.D.Ill. 1998) (in insurance coverage case, contention interrogatories were proper to narrow the issues for trial; motion to

compel granted); *Thomas Betts Corp. v. Panduit Corp.*, 1996 U.S.Dist. LEXIS 4494, *7-8 (N.D.Ill. 1996) (contention interrogatories properly used to narrow the issues and get the answering party to commit to a position and give factual specifics supporting its claims). Whether the Court calls it "mend the hold," estoppel or a discovery sanction under F.R.C.P. 37, Cree should not be heard to argue new theories of coverage under these circumstances.

    **IV.**    **Even If Cincinnati Owes A Defense To Joyce Lance and Wanda Mitchell, It Would *Not* Owe A Defense to All Defendants.**

The Cree Defendants assert that if Cincinnati owes a defense to Joyce Lance and Wanda Mitchell, Cincinnati would owe a defense to *all* the defendants. Neither the *Bedoya* case (cited by Cree), nor any other case of which Cincinnati is aware, holds that the duty to defend as to one insured necessarily extends to other insureds. This would be particularly unfair to Cincinnati in this case. Cree attempts to establish coverage for J.Lance and W.Mitchell by explaining how the allegations against them are qualitatively different from the allegations against Cree Development and Henry Mitchell. Cree should not be allowed to circle back and use such potential coverage for J.Lance and W.Mitchell as the basis for creating coverage as to Cree Development and Henry Mitchell.

## CONCLUSION

For the foregoing reasons, the Cree Defendants – either singly or collectively – have failed to establish that they are entitled to coverage for the *Powell* Suit. Cincinnati respectfully requests entry of summary judgment in its favor.

Respectfully submitted,

CINCINNATI INSURANCE COMPANY

By: ___s/Hope G. Nightingale___
    Hope G. Nightingale (06184864)
    Daniel P. Johnston (6243197)
    Attorneys for The Cincinnati Insurance Company
    303 West Madison Street, Suite 300
    Chicago, Illinois 60606
    Phone:   (312) 781-6614 (Nightingale)
    Phone:   (312) 781-6604 (Johnston)
    Fax:   (312) 781-6630
    email: nightingale@litchfieldcavo.com
    email: johnston@litchfieldcavo.com