IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

CINCINNATI INSURANCE COMPANY, )
an Ohio corporation, )
)
)
Plaintiff, )
)
)
v. )   Case No. 03-CV-3166
)
CREE DEVELOPMENT CORPORATION, )   Judge Jeanne Scott
INC., a Delaware corporation, HENRY )
MITCHELL, an individual, WANDA MITCHELL, )
an Individual, RONALD D. LANCE, an individual,)
JOYCE LANCE, an individual and MICHAEL D. )
POWELL, an individual, )
)
)
Defendants. )

**CINCINNATI INSURANCE COMPANY'S OPPOSITION TO THE CREE
DEFENDANTS' MOTION TO FILE A REPLY OR SUR-REPLY**

Plaintiff, Cincinnati Insurance Company ("Cincinnati"), by its attorneys, submits the following in response to the Cree Defendant's motion to file a reply in support of its purported "cross-motion" for summary judgment

**I.     The Cree Defendants should not be allowed to file a Reply to Their purported "Cross-Motion" for Summary Judgment.**

Contrary to their assertion, the Cree Defendants did *not* file a Motion for Summary Judgment. They simply called their Response a "cross-motion." As this purported "cross-motion" was not filed within the Court's deadline for filing dispositive motions, the Cree Defendants should not be allowed to file their sur-reply. In the alternative, if the Cree Defendants' "cross-motion" is allowed, Cincinnati seeks leave to file this brief as a sur-reply to Cree's purported "cross-

motion." This sur-reply corrects the record and addresses new issues presented in the Cree Defendants' latest brief.

## II.    Correction of the Record

Cincinnati notes two errors in the record – one by Cincinnati, one by Cree – that should be corrected. Both parties' briefs discuss the language of the *ad damnum* clause of the Retaliatory Discharge and Wage Act Counts against Ronald Lance, Joyce Lance and Wanda Mitchell. Each of those Counts ask the Court to award compensatory and punitive damages to punish the defendants for their willful, wanton and knowing conduct. The Retaliatory Discharge Counts' *ad damnum* (Counts VII–IX) against these specific defendants seek damages for "his" willful, wanton, and knowing conduct. The Wage Act counts (XII-XIV) seek damages for "its" wilful, wanton and knowing conduct.

## III.    Mend the Hold/Contention Interrogatories

Cincinnati asked the Cree Defendants during litigation through formal discovery to articulate its theories of coverage. Cree did so. The Cree Defendants assert in their "sur-reply" that they had no obligation to respond fully or honestly to Cincinnati's discovery. This is an astounding proposition. Contention interrogatories are intended and allowed to be used to narrow a party's litigation position. They are not only permissible but appropriate to "smoke out" the position of the other party. *Shah v. Inter-Continental Hotel*, 314 F.3d 278, 282 (7th Cir. 2002); *Fridkin v. Minnesota Mutual Life Ins. Co.*, 1998 U.S.Dist. LEXIS 1017, *10, 12-13 (N.D.Ill. 1998) (in insurance coverage case, contention interrogatories were proper to narrow the issues for trial; motion to

compel granted); *Thomas Betts Corp. v. Panduit Corp.*, 1996 U.S.Dist. LEXIS 4494, *7-8 (N.D.Ill. 1996) (contention interrogatories properly used to narrow the issues and get the answering party to commit to a position and give factual specifics supporting its claims). Whether the Court calls it "mend the hold," estoppel or a discovery sanction under F.R.C.P. 37, Cree should not be heard to argue new theories of coverage under these circumstances.

IV. **Even If Cincinnati Owes A Defense To Joyce Lance and Wanda Mitchell, It Would *Not* Owe A Defense to All Defendants.**

The Cree Defendants assert that if Cincinnati owes a defense to Joyce Lance and Wanda Mitchell, Cincinnati would owe a defense to *all* the defendants. Neither the *Bedoya* case (cited by Cree), nor any other case of which Cincinnati is aware, holds that the duty to defend as to one insured necessarily extends to other insureds. This would be particularly unfair to Cincinnati in this case. Cree attempts to establish coverage for J.Lance and W.Mitchell by explaining how the allegations against them are qualitatively different from the allegations against Cree Development and Henry Mitchell. Cree should not be allowed to circle back and use such potential coverage for J.Lance and W.Mitchell as the basis for creating coverage as to Cree Development and Henry Mitchell.

## CONCLUSION

For the foregoing reasons, the Cree Defendants – either singly or collectively – have failed to establish that they are entitled to coverage for the *Powell* Suit. Cincinnati respectfully requests entry of summary judgment in its favor.

CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Ms. Alexandra de Saint Phalle
> Londrigan Potter & Randle, PC
> 1227 S. Seventh Street
> P.O. Box 399
> Springfield, Illinois 62705

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

None.

By: s/Hope G. Nightingale
Hope G. Nightingale (06184864)
Daniel P. Johnston (6243197)
Attorneys for Cincinnati Insurance Company
303 West Madison Street, Suite 300
Chicago, Illinois 60606
Phone:     (312) 781-6614 (Nightingale)
Phone:     (312) 781-6667 (Gonzalez)
Fax:       (312) 781-6630
email: nightingale@litchfieldcavo.com
email: johnston@litchfieldcavo.com