IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CINCINNATI INSURANCE COMPANY, AN OHIO CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> CREE DEVELOPMENT CORPORATION, INC., A DELAWARE CORPORATION, HENRY MITCHELL, AN INDIVIDUAL, WANDA MITCHELL, AN INDIVIDUAL, RONALD D. LANCE, AN INDIVIDUAL, JOYCE LANCE, AN INDIVIDUAL AND MICHAEL D. POWELL, AN INDIVIDUAL, <br><br> Defendants. | ) ) ) ) ) ) ) CASE NO. 03-3166 ) ) ) ) ) ) ) ) ) ) |

### Notice of Filing

TO:  Ms. Alexandra de Saint Phalle
Londrigan Potter & Randle, PC
1227 S. Seventh Street
P.O. Box 399
Springfield, Illinois 62705

Please take notice that on October 29, 2004, pursuant to the order entered by Judge Scott on October 27, 2004, we will file with the Clerk of the United States District Court for the Central District of Illinois, Springfield Division, Page 19 of the underlying complaint attached as Exhibit A to Plaintiff's Complaint for Declaratory judgment, a copy of which is attached hereto and hereby served upon you.

CINCINNATI INSURANCE COMPANY

By: ____s/s Hope G. Nightingale____

One of Its Attorneys

Hope G. Nightingale (06184864)
Daniel G. Litchfield  (06185695)
Daniel P. Johnston   (6243197)
Litchfield Cavo
303 West Madison Street, Suite 200
Chicago, Illinois 60606
Phone: (312) 781-6614 (Nightingale)

Phone: (312) 781-6669 (Litchfield)

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Ms. Alexandra de Saint Phalle
> Londrigan Potter & Randle, PC
> 1227 S. Seventh Street
> P.O. Box 399
> Springfield, Illinois 62705

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

None.

> By: ___s/Hope G. Nightingale___
> Hope G. Nightingale (06184864)
> Daniel P. Johnston (6243197)
> Attorneys for Cincinnati Insurance Company
> 303 West Madison Street, Suite 300
> Chicago, Illinois 60606
> Phone:      (312) 781-6614 (Nightingale)
> Phone:      (312) 781-6667 (Gonzalez)
> Fax:        (312) 781-6630
> email: nightingale@litchfieldcavo.com
> email: johnston@litchfieldcavo.com

6. Plaintiff and defendant Cree's bonus pay agreement was memorialized in a document called "Wage Agreement," a copy of which is attached hereto and made a part hereof and marked as Exhibit "B".

7. During Plaintiff's term of employment with defendant Cree, plaintiff accrued at or about 97 unused days of vacation.

8. The vacation days earned by plaintiff were accrued from year to year in accordance with defendant Cree's policies and practices.

9. On or about September 3, 2002, Plaintiff requested that defendant Cree pay him for 82 of the accrued vacation days in lieu of time off.

10. Plaintiff's request for payment of 82 of accrued vacation days was approved by Henry Mitchell on or about September 3, 2002.

11. Defendant Cree did not pay plaintiff for the 82 accrued days that Henry Mitchell approved to be paid.

12. On or about September 5, 2002, defendant Cree terminated plaintiff.

13. By letter dated December 2, 2002, by and through his attorneys, plaintiff requested payment for the vacation days owed him.

14. In response to plaintiff's December 2, 2002 request, defendant Cree paid plaintiff for 15 days of the accrued vacation past due and owing plaintiff.

15. Defendant Cree has failed and refused to pay any of the bonus money owed to plaintiff for the year 2002.

16. Defendant Cree's failure to pay plaintiff earned and accrued vacation and bonus money has caused plaintiff anguish, insult, emotional distress and financial stress.

17. That defendant's failure to pay all earned vacation and compensation to a terminated employee is a violation of the Wage Payment and Collection Act, 820 ILCS 115/5.

18. Defendant Cree knew that its actions were in violation of the Wage Payment and Collection Act but disregarded that statute and willfully and wantonly withheld plaintiff's earned vacation days and bonuses, in reckless disregard to plaintiff's rights and well-being.